J-S41018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS STUART KING | : | |
| | : | |
| Appellant | : | No. 2060 MDA 2019 |

Appeal from the PCRA Order Entered November 26, 2019
In the Court of Common Pleas of Fulton County Criminal Division at
No(s):  CP-29-CR-0000047-2016

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED FEBRUARY 09, 2021**

Thomas Stuart King appeals from the denial of his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. The PCRA court denied King's petition, concluding that King failed to prove his claims. On appeal, King's attorney filed an **Anders**[1] brief and an application to withdraw as counsel. We affirm and grant counsel's petition to withdraw.

In December 2016, a jury found King guilty of two counts each of rape and statutory sexual assault, and one count each of attempted involuntary deviant sexual intercourse and aggravated indecent assault.[2] In March 2017, the trial court sentenced King to 270 to 540 months' incarceration. Trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] 18 Pa.C.S.A. § 3121(a)(1), 18 Pa.C.S.A. § 3122.1(b), 18 Pa.C.S.A. § 901, 18 Pa.C.S.A. § 3123(a)(1), and 18 Pa.C.S.A. § 3125(a)(8), respectively.

counsel made an oral request to withdraw, which the trial court granted. The court appointed the Fulton County Public Defender to represent King on post-sentence motions and appeal. King's new counsel then filed a post-sentence motion, which the trial court denied. King filed a direct appeal, and we affirmed the judgment of sentence.

On November 15, 2018, King filed a timely *pro se* PCRA petition. The court appointed PCRA counsel, who filed an amended PCRA petition, alleging trial counsel was ineffective for advising against an alleged plea offer of one to three years, failing to object to three jurors sleeping during the trial, failing to advise King of the maximum sentence possible, and failing to remove a juror who had a prior relationship with King. The court then held an evidentiary hearing at which King testified. PCRA counsel questioned King about conversations he had with family members and friends regarding an alleged plea deal offered by the District Attorney's Office. The Commonwealth objected on the grounds of relevance and the court sustained the objection:

> [KING]: [Trial counsel] always called to see how I was doing, if I was ready, and then in this instance she called and asked those and then she said the DA had made a plea offer.
>
> . . .
>
> [PCRA COUNSEL]: Did you discuss that conversation with anybody else?
>
> [KING]: Everybody.
>
> [PCRA COUNSEL]: When . . . you say everybody who is that?
>
> [KING]: All my close friends and family.

[COMMONWEALTH]: Objection. Relevance.

THE COURT: The objection is relevance.

[PCRA COUNSEL]: Just to say that obviously this is something when presented to somebody that they would discuss it with friends and family and that kind of thing. It goes to credibility, your Honor.

THE COURT: The objection is sustained.

[PCRA COUNSEL]: Your Honor, also state of mind.

THE COURT: Sustained.

N.T., 9/24/19, at 11-13. Trial counsel also testified and said that she had no memory of a plea offer despite her repeated requests to the Commonwealth.

The PCRA court credited trial counsel's testimony and denied King's PCRA petition. King filed a timely notice of appeal and a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1), in which he raised one issue:

[W]hether it was an abuse of discretion when the trial court sustained the prosecution's objections to defendant's testimony about statements he made to friends and relatives about the conversations he had with his attorney and the plea offer of one to three years, where such statements were hearsay but should have been permissible under the state of mind exception to the hearsay rule.

*See* King's Concise Statement of Matters Complained of on Appeal. New counsel was appointed for this appeal, and new counsel filed an ***Anders*** brief and an application to withdraw as counsel, concluding that the issues raised by King on appeal are frivolous. For the reasons that follow, we affirm and grant counsel's petition to withdraw.

When counsel files an **Anders** or **Turner/Finley**[3] brief "this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (citing **Commonwealth v. Rojas***,* 874 A.2d 638, 639 (Pa.Super. 2005)). Although a **Turner/Finley** no merit letter is the appropriate filing in a PCRA appeal, we nonetheless accept counsel's **Anders** brief because a brief pursuant to **Anders** provides a greater protection to the defendant. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004).

Under **Turner/Finley**, counsel must submit a brief that: (1) details the nature and extent of counsel's review; (2) lists each issue the petitioner wished to have reviewed; and (3) explains counsel's conclusion that the petitioner's issues are meritless. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). If counsel has met the above requirements, we then conduct an independent review of the petitioner's issues to determine if they are in fact meritless. **Commonwealth v. Muzzy**, 141 A.3d 509, 511 (Pa.Super. 2016). Upon a

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley,** 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

conclusion that the claims are meritless, we will then grant counsel's petition to withdraw. *Id.*

Counsel provided King with a copy of his brief and a letter that advised King of his right to retain new counsel or proceed *pro se*. *Anders* Brief, Appendix 2. In the brief, counsel provides a summary of facts and points to the record to articulate how he determined that the appeal would be frivolous. *See Anders* Brief. We find that counsel fulfilled the technical requirements of *Turner/Finley*.

We next address the issue counsel identified in his brief, which is the same as King raised in his Rule 1925(b) statement:

> [W]hether it was an abuse of discretion when the trial court sustained the prosecution's objections to defendant's testimony about statements he made to friends and relatives about the conversations he had with his attorney and the plea offer of one to three years, where such statements were hearsay but should have been permissible under the state of mind exception to the hearsay rule?

*Anders* Brief, at 6. Counsel notes that King alleged the court erred by failing to allow the testimony pursuant to a hearsay exception. *Id.* at 7.

We review evidentiary rulings for an abuse of discretion. "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." *Commonwealth v. Padillas*, 997 A.2d 356, 361 (Pa.Super. 2010) (quoting *Commonwealth v. Martinez*, 917 A.2d 856, 859 (Pa.Super. 2007)). "[A]n erroneous ruling by a trial court on an evidentiary

- 5 -

issue does not require us to grant relief where the error was harmless." ***Commonwealth v. Chmiel***, 889 A.2d 501, 521 (Pa. 2005) (quoting ***Commonwealth v. Young***, 748 A.2d 166, 193 (Pa. 1999)). Harmless error exists where, among other things, "the error did not prejudice the defendant or the prejudice was *de minimis*. . . ." ***Id.*** (quoting ***Commonwealth v. Robinson***, 721 A.2d 344, 350 (Pa. 1998)).

We presume counsel was effective and the petitioner bears the burden of pleading and proving otherwise. ***See Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014). To do so, the petitioner thus must plead and prove that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. ***Id.***

Here, the PCRA court sustained the Commonwealth's objection that King's testimony that King told his friends and family that counsel said that the Commonwealth had extended a plea offer was irrelevant. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401.

The PCRA court concluded that PCRA counsel, through King's testimony, was attempting to prove the existence of a plea offer based on King's allegedly having told his friends and family about the plea offer. PCRA Court Opinion, filed Jan. 29, 2020, at 5. The PCRA court determined the evidence was not

- 6 -

relevant because King's testimony that he told his friends and family about a plea offer did not make the existence of a plea offer more or less probable. *Id.* at 5-6. The PCRA court determined that the identities of the people whom King told about the alleged plea offer also were irrelevant. The court rejected King's claim that it ought to have admitted the testimony under a hearsay exception because the Commonwealth had raised a relevancy objection, not a hearsay objection. *Id.* at 6.

The PCRA court's conclusion that King's testimony about telling friends and family about an alleged offer was not relevant was, at most, harmless. The court credited trial counsel's testimony that no offer existed. Trial Court Opinion, filed Nov. 20, 2019, at 5. The underlying claim thus lacked arguable merit. Counsel cannot be held ineffective for advising King to not accept a plea offer, where the Commonwealth made no offer. As for King's hearsay claim, the Commonwealth made no such objection. Whether the testimony was admissible over a hearsay objection thus has no bearing here.

In his *Turner/Finley*, brief counsel explains that the evidentiary issue was the only issue preserved for appeal, as it was the only issue raised in King's Rule 1925(b) statement. We agree. The court's Rule 1925(b) order advised that any issue not raised in the statement would be deemed waived.

Because King only listed this one issue in his Rule 1925(b) statement, he waived all other issues. *See* PCRA Court Order, filed Dec. 23, 2019.[4]

We thus agree with counsel that King's issues lack merit. Further, we have reviewed the record, and conclude there are no meritorious issues. We therefore affirm the PCRA court's order and grant the petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judge Kunselman joins the memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021

---

[4] Further, even if King had not waived issues regarding the denial of his PCRA petition, he would not be entitled to relief. King raised four issues in his amended PCRA petition, all alleging ineffective assistance of counsel. We would conclude the PCRA court correctly found that King failed to prove the claims. *See* PCRA Court Opinion, filed Nov. 22, 2019, at 3-8.